IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

ROBIN DEMETRECE WATTS,
    Plaintiff,

vs.                                    Case No.: 5:07cv128/MCR/EMT

MARK SMITH, et al.,
    Defendants.
_____/

**ORDER**

        Plaintiff, a Florida inmate proceeding pro se and in forma pauperis, initiated this civil rights action by filing a complaint under 42 U.S.C. § 1983 (Doc. 1). Leave to proceed in forma pauperis has been granted. Upon review of the complaint, it appears Plaintiff failed to use the court-approved form for filing this complaint. Local Rule 5.1(J) for the Northern District of Florida states that the court will not accept for consideration a complaint under section 1983 unless the appropriate complaint form is completed. Thus, Plaintiff must file his complaint on the form for use in section 1983 cases, even if he wishes to attach separate pages explaining the facts that underlie the complaint. However, in an effort to ensure the efficient processing of Plaintiff's complaint, the court shall advise Plaintiff on the shortcomings of the instant complaint.

        A review of the instant civil rights complaint reveals that Plaintiff complains of actions taken by Bay County law enforcement officers (*see* Doc. 1 at 1–2). In brief, on October 8, 2006, Plaintiff states that he was arrested for "failure to register on case 06-3260G" (*id.* at 3). On October 9, 2006, he alleges "Maria I. Dykes filed an information charging Plaintiff with failure to register as a career offender" (*id.* at 5). Thereafter, Plaintiff describes the process by which numerous law enforcement officers investigated the case (*see id.* at 4–7 (describing the investigation)). Plaintiff's alleges that on March 28, 2007, his criminal defense attorney filed a motion to dismiss "case 06-3260G" and the

state court granted the motion on April 3, 2007 (*id.* at 5).[1] On the basis of these facts, Plaintiff alleges that he has been "falsely arrested, falsely imprisoned, maliciously arrested, maliciously arrested without probable cause, illegally arrested, illegally arrested without probable cause, subject to malicious prosecution, defamation of character, and libel and slander" (*id.* at 6). For relief, Plaintiff requests "financial compensation," including compensation for lost wages, mental anguish, and pain and suffering; punitive damages; "mental anguish and pain and suffering [damages] for [his] family;" a written and oral apology; and whatever relief the court deems just and proper (*id.* at 8).

As an initial matter, Plaintiff must clarify the Defendants in this matter. For example, Plaintiff states that he was "subject[ed] to malicious prosecution" by Maria I. Dykes (*see id.* at 7; *see also id.* at 5 (stating that Ms. Dykes filed an information charging Plaintiff with failure to register as a career offender)). Maria I. Dykes is not, however, named as a Defendant in this matter (*see id.* at 2 (Ms. Dykes name appears to be stricken-out)). Therefore, Plaintiff must clarify who he seeks to sue in this action. Each Defendant should be named as a Defendant in the style of the case and in the "Defendants" section of the complaint form; further, in the "Statement of the Facts" section of the complaint form, Plaintiff should succinctly indicate how each named Defendant harmed him.

Plaintiff appears to raise a Fourth Amendment claim that Defendants unlawfully arrested him. The elements of a claim for false arrest are a warrantless, malicious arrest or deprivation of liberty without probable cause. Baker v. McCollan, 443 U.S. 137, 99 S. Ct. 2689, 61 L. Ed. 2d 433 (1979); Von Stein v. Brescher, 904 F.2d 572 (11th Cir. 1990). However, a claim of false arrest is barred by the existence of probable cause, Marx v. Gumbinner, 905 F.2d 1503 (11th Cir. 1990), or by the subsequent conviction of the accused., Cameron v. Fogarty, 806 F.2d 380, 387 (2d Cir. 1986); *see also* King v. Goldsmith, 897 F.2d 885, 886 (7th Cir. 1990); Malady v. Crunk, 902 F.2d 10, 11 (8th Cir. 1990); Epstein v. Toys-R-Us Del., Inc., 277 F. Supp. 2d 1266, 1274 (S.D. Fla. 2003)

---

[1] Although Plaintiff states that these charges were dismissed, this court notes that Plaintiff's application to proceed in forma pauperis indicates that he has been incarcerated for the past three months (*see* Doc. 6 at 2; see *also* Doc. 2 at 2). It is not clear on what charges Plaintiff is currently incarcerated. Plaintiff should clarify the nature of his incarceration in his amended complaint.

Case No.: 5:07cv128/MCR/EMT

(finding that conviction of the accused "is conclusive evidence of the existence of probable cause for the arrest"). Although Plaintiff alleges he was not convicted of failing to register as a career offender, he cannot prevail on an unlawful arrest claim if there was probable cause for his arrest.

A law enforcement officer has probable cause to arrest a suspect if the facts and circumstances within the officer's knowledge, of which he has reasonably trustworthy information, would cause a prudent person to believe, under the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense. The existence of probable cause to arrest is based on objective standards. Von Stein, 904 F.2d at 578 (citations omitted). Thus, the level of proof needed to make a probable cause determination is conspicuously less than that which is needed to obtain a conviction, and the fact that a criminal defendant is later acquitted or released does not by itself mean that probable cause was initially lacking. Marx, 905 F.2d at 1507; Von Stein, 904 F.2d at 578 n.9.

On the facts alleged, this court cannot determine whether Plaintiff has stated a Fourth Amendment claim for false arrest. If Plaintiff wishes to pursue such a claim, Plaintiff should include facts in his amended complaint demonstrating precisely what he was arrested for, the basis for the arrest (if known), whether he was subsequently charged with a crime in connection with his arrest, why he his presently incarcerated, and whether he was convicted of any charge related to the arrest of which he complains. If the facts and circumstances within the officers' knowledge would cause a prudent person to believe that Plaintiff had committed, was committing, or was about to commit an offense (or if Plaintiff was subsequently convicted of an offense related to his arrest), Plaintiff cannot state a claim that his the officers violated the Fourth Amendment by arresting him.

Furthermore, Plaintiff is advised that a prosecutor is entitled to absolute immunity for all actions she takes while performing her function as an advocate for the government. Buckley v. Fitzsimmons, 509 U.S. 259, 273, 113 S. Ct. 2606, 2615–16, 125 L. Ed. 2d 209 (1993). The prosecutorial function includes the initiation and pursuit of criminal prosecution. Imbler v. Pachtman, 424 U.S. 409, 424, 96 S. Ct. 984, 992, 47 L. Ed. 2d 128 (1976). However, to the extent a prosecutor steps out of her prosecutorial role to perform "the investigative functions normally performed by a detective or police officer," she does not have absolute immunity. *See* Buckley, 509 U.S. at 273, 113 S. Ct. at 2616; *see also* Burns v. Reed, 500 U.S. 478, 496, 111 S. Ct. 1934, 1944–

45, 114 L. Ed. 2d 547 (1991) (no absolute immunity for a prosecutor who gives legal advice to police during pretrial investigation); Jones v. Cannon, 174 F.3d 1271, 1285 (11th Cir.1999) (prosecutor is only entitled to immunity for her conduct during the "judicial phase" of a case).  Thus, for example, a prosecutor does not have absolute immunity for her participation in the search of an apartment; however, she does have qualified immunity for this type of investigatory action.  Rowe v. City of Fort Lauderdale, 279 F.3d 1271, 1280 (11th Cir. 2002).  Under these principles, it is clear that the prosecutor is absolutely immune from suit for damages on the basis of her initiating criminal charges against Plaintiff.

Finally, to the extent Plaintiff seeks relief in the form of monetary damages, Plaintiff is advised that he cannot recover compensatory or punitive damages, because he has not alleged any physical injury resulting from Defendants' actions.  Subsection (e) of 42 U.S.C. § 1997e states that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."  The Eleventh Circuit has decided that the phrase "Federal civil actions" means all federal claims, including constitutional claims.  Napier v. Preslicka, 314 F.3d 528, 532 (11th Cir. 2000) (citing Harris v. Garner, 216 F.3d 970, 984–85 (11th Cir. 2000) (en banc)).  In order to satisfy section 1997e(e), a prisoner must allege more than a de minimis physical injury.  Harris v. Garner, 190 F.3d 1279, 1286-87 (11th Cir. 1999), *reh'g en banc granted and opinion vacated*, 197 F.3d 1059 (11th Cir. 1999), *opinion reinstated in pertinent part en banc*, 216 F.3d 970 (11th Cir. 2000)) ("We therefore join the Fifth Circuit in fusing the physical injury analysis under section 1997e(e) with the framework set out by the Supreme Court in Hudson [v. McMillian, 503 U.S. 1, 112 S. Ct. 995, 117 L. Ed. 2d 156 (1992)] for analyzing claims brought under the Eighth Amendment for cruel and unusual punishment, and hold that in order to satisfy section 1997e(e) the physical injury must be more than de minimis, but need not be significant."); Osterback v. Ingram, 2000 WL 297840, 13 Fla. L. Weekly D 133 (N.D. Fla. 2000), *aff'd*. 263 F.3d 169 (11th Cir. 2001) (Table), *cert. denied*, 536 U.S. 906, 122 S. Ct. 2362, 153 L. Ed. 2d 183 (2002) (holding that a prisoner plaintiff may not recover compensatory or punitive damages for mental or emotional injury without establishing that he suffered more than de minimis physical injury).

Furthermore, although some Circuit Courts have held that section 1997e(e) does not limit

the recovery of punitive damages based solely on the alleged constitutional violation, Searles v. Van Bebber, 251 F.3d 869, 879 (10th Cir. 2001); Allah v. Al-Hafeez, 226 F.3d 247, 251–53 (3d Cir. 2000), the Eleventh Circuit in Harris declined to make such a distinction.  To the contrary, while the Harris court was careful to note that its holding was not binding on actions for nominal damages that are normally available for the violation of certain "absolute constitutional" rights without any showing of injury, it made no such reference to actions for punitive damages based solely on the alleged constitutional violation.  Harris, 190 F.3d at 1288 n.9.  In so noting, the court cited Carey v. Piphus, 435 U.S. 247, 266, 98 S. Ct. 1042, 1054, 55 L. Ed. 2d 252 (1978), where the Supreme Court made a distinction between nominal damages and substantial damages (i.e., compensatory and punitive) damages.  Harris, 190 F.3d at 1288 n.9.  Moreover, in analyzing the types of claims precluded by § 1997e(e), the Harris court followed closely the reasoning of Davis v. District of Columbia, 158 F.3d 1342, 1348 (D.C. Cir. 1998), which held that punitive damages based on the constitutional violation itself would not be available without the requisite physical injury requirement.  Harris, 190 F.3d 1288.  Accordingly, Plaintiff must clarify the nature of the monetary damages he seeks.

If Plaintiff wishes to proceed with this action, he must completely fill out a new civil rights complaint form, marking it "Amended Complaint."  Plaintiff must limit his allegations to claims related to the same basic incident or issue and name as Defendants only those persons who are responsible for the alleged constitutional violations.  Plaintiff must place their names in the style of the case on the first page of the civil rights complaint form, and include their addresses and employment positions in the "Parties" section of the form.  In the statement of facts, Plaintiff should clearly describe how each named Defendant is involved in each alleged constitutional violation, alleging the claims as to each Defendant in separately numbered paragraphs and including specific dates and times of the alleged unconstitutional acts.  If Plaintiff cannot state exactly how a particular Defendant harmed him, he should delete or drop that person as a Defendant from his complaint. Plaintiff's request for relief should be limited to only that which he could recover if he succeeds on his claims.  Finally, Plaintiff is advised that once an amended complaint is filed, all earlier complaints and filings are disregarded.  N.D. Fla. Loc. R. 15.1.

Accordingly, it is **ORDERED**:

1.      The clerk of court is directed to forward to Plaintiff a civil rights complaint form for use by prisoners in actions under 42 U.S.C. §1983. This case number should be written on the form.

2.      Within **THIRTY (30) DAYS** from the date of docketing of this order, Plaintiff shall file an amended civil rights complaint, which shall be typed or clearly written, submitted on the court form, and titled "Amended Complaint."

3.      Plaintiff's failure to file an amended complaint may result in a recommendation that this action be dismissed for failure to comply with a court order.

**DONE AND ORDERED** this 27th day of June 2007.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**